UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD SIMS,

               Plaintiff,

       -against-

RACHELLE C. KAUFMAN,

              Defendants.

1:24-CV-5614 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated September 27, 2024, and entered on October 9, 2024, and by judgment dated and entered on October 10, 2024, the Court dismissed this *pro se* action without prejudice due to Plaintiff's failure to resubmit the signature pages of his complaint and of his consent to electronic service of court documents with his original signatures. (ECF 6 & 7.) On October 17, 2024, Plaintiff filed a motion to "dismiss the child support summary judgement and reverse any and all accrued monetary amounts allocated up to this date until blood tests are obtained to determine DNA – paternity," a declaration in support of that motion, and an *in forma pauperis* ("IFP") application. (ECF 8-10.) All of those submissions were unsigned. (*See id.*) The Court will, therefore, not consider them. *See* Fed. R. Civ. P. 11(a).

On October 31, 2024, however, Plaintiff filed a notice of appeal, a motion for an extension of time to file a notice of appeal brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), a motion for leave to proceed IFP on appeal, and an application to appeal IFP; all of those submissions were signed by Plaintiff. (ECF 11 & 12.)

For the following reasons, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary, and denies his motion for leave to proceed IFP on appeal and his application to appeal IFP.

**DISCUSSION**

**A.    Rule 4(a)(5) motion**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). The abovementioned order of dismissal was entered on October 9, 2024, and the abovementioned judgment was entered on October 10, 2024. Thus, Plaintiff had, at the latest, until November 12, 2024, to file a timely notice of appeal.[1] Plaintiff timely filed his notice of appeal on October 31, 2024, before that period expired. Thus, the Court denies Plaintiff's Rule 4(a)(5) motion as unnecessary.

**B.    IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In its September 27, 2024 order, and in its October 10, 2024 judgment, the Court certified, under Section 1915(a)(3), that any appeal from that order and judgment would not be taken in good faith (ECF 6 & 7), denying IFP for the purpose of an appeal, *see* § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's abovementioned order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and his application to appeal IFP.

**CONCLUSION**

The Court denies Plaintiff's motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure (ECF 11), as

---

[1] Because the last day of that 30-day period actually fell on Saturday, November 9, 2024, the applicable 30-day period expired on the next court-business day, Tuesday, November 12, 2024, the day after Veterans' Day, Monday, November 11, 2024. *See* Fed. R. App. P. 26(a)(1)(C), (6)(A).

unnecessary, because his notice of appeal (ECF 12) is timely. The Court also denies Plaintiff's

motion for leave to proceed IFP on appeal and application to appeal IFP. (*Id.*)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 9, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge